# In the United States Court of Federal Claims

No. 25-1561C

(Filed: December 12, 2025)

| | |
|---|---|
| **22ND CENTURY TECHNOLOGIES, INC.** | ) ) ) |
| *Plaintiff,* | ) ) |
| **v.** | ) ) |
| **THE UNITED STATES,** | ) ) |
| *Defendant,* | ) ) |
| **NTT DATA SERVICES FEDERAL GOVERNMENT, LLC,** | ) ) ) |
| *Defendant-Intervenor.* | ) ) ) |

## ORDER

This bid protest action is back before this Court after the parties, in a previous iteration of this case, jointly moved for a remand for the government — acting by and through the Drug Enforcement Agency ("DEA") — to implement corrective action in a procurement. ECF No. 1 ("Compl.") at 15. On remand, the DEA sought to rectify an admitted data entry error but Plaintiff, 22nd Century Technologies, Inc. ("22nd Century"), alleges that the DEA did not correct other procurement errors, including that the DEA was required, but failed, to conduct meaningful discussions with 22nd Century in the initial procurement and then, once again, on remand. *Id.* at 15-16. After reevaluating all bids, the DEA once again awarded the contract at issue to Defendant-Intervenor, NTT Data Services Federal Government, LLC ("NTT"), following which 22nd Century commenced this new action on September 19, 2025. *Id.* at 15-17. 22nd Century further alleges that the reevaluation the DEA conducted during the corrective action and the resulting best value decision were unreasonable. *Id.* at 21-27.

In response to 22nd Century's complaint, the government filed a motion for a voluntary remand on November 21, 2025. ECF No. 32. The government's basis for seeking a remand was that the DEA admittedly had failed to consider, during corrective action, whether discussions with 22nd Century were required. The government

represented that the DEA would, on remand, review whether it was obligated to have discussions with 22nd Century, as it had "intended" to do during the corrective action. *Id.* at 3. This, according to the government, would promote judicial economy because if the DEA ultimately were to decide to hold discussions, it would render the current protest moot. *Id.* at 4. In that regard, 22nd Century mentioned in its new complaint that the DEA — after conveying its "inten[tion] to review the issues raised by 22nd Century in its [previous] complaint" — failed to consider whether the DEA ought to have had meaningful discussions during the initial evaluation. Compl. at 20-21. But given how 22nd Century labeled the discussion-related counts in its complaint— not to mention the overall thrust of the allegations in those counts — the Court reads 22nd Century's assertion about the DEA's failure *to consider* discussions as completely ancillary to 22nd Century's overarching claim that discussions were required but not performed.

Seizing on this putative, ancillary process foul, the government argued that a remand would, at least, certainly "moot 22nd Century's allegation that the DEA failed to investigate whether its original discussions were inadequate . . . or whether it needed to hold discussions during corrective action to cure that error." ECF No. 32 at 4. To be clear, the government's remand motion did *not* commit to rescinding the contract award to NTT, nor did the government confess any substantive error within the procurement. The government did not commit to conduct discussions. Instead, the DEA pledged only "to review *whether* it was required to hold discussions about significant weaknesses in 22nd Century's [original] proposal." *Id.* (emphasis added).

On December 5, 2025, 22nd Century filed a response in opposition to the government's remand motion. ECF No. 35.[1] On December 9, 2025, the government filed its reply, assuring this Court that the remand would "not result in an impermissible post hoc justification," but instead would involve "a new decision, as required by the corrective action plan, about whether it was required to hold discussions." ECF No. 38 at 3.

Remand motions "should not simply be granted in a perfunctory manner[;] [r]ather, such motions should be treated as with any other motion affecting the substantial rights of the plaintiff, by subjecting the government's position to careful analysis to ensure that the motion is properly supported and justified." *Rahman v. United*

---

[1] NTT also filed a response on December 9, 2025, expressing no opposition to the remand. ECF No. 37.

*States*, 149 Fed. Cl. 685, 690 (2020) (citing *Keltner v. United States*, 148 Fed. Cl. 552, 563 (2020)); *cf. Amentum Servs., Inc. v. United States*, 2021 WL 5871734, at *3 (Fed. Cl. Dec. 10, 2021) ("[T]he agency either stands by its *award decision* or it does not, and the procurement decision at issue is either ripe for review or it is not[.]" (emphasis added)). The government does not agree with *Keltner*'s "compelling justification" language, ECF No. 38 at 2 — even though the undersigned in *Keltner* was simply summarizing the jurisprudence from other courts. *See Keltner*, 148 Fed. Cl. at 563-64. But this Court does not view that phrase in *Keltner* as imposing any heightened standard of review. Rather, *Keltner*'s essential point is simply that "[n]o matter how courts label the elements of the inquiry, the fundamental questions are why the agency is moving for remand, whether remand would resolve the dispute more efficiently than litigation, and how remand would impact the plaintiffs and their interests." *Sierra Club v. National Marine Fisheries Service*, 2024 WL 96341, at *7 (D. Md. 2024) (discussing *Keltner*, 148 Fed. Cl. at 563, amongst other cases). Unlike in GAO bid protest cases, the government cannot expect to gain dismissal of a procurement protest action in this Court merely because the government asserts that it will take corrective action that may or may not address a plaintiff's claims or render a protest moot. Moreover, even where a remand may be justified, "the 'scope of the agency's remand request' must be 'appropriate.'" *NetCentrics Corp. v. United States*, 169 Fed. Cl. 453, 459 (2024) (quoting *Stevenson v. Wormuth*, 2023 WL 3791721, at *6 (D. Conn. 2023)); *see also Am. Waterways Operators v. Wheeler*, 427 F. Supp. 3d 95, 98–99 (D.D.C. 2019) ("An agency's professed intent to revisit the challenged decision is a necessary condition to obtain remand, but it is not always a sufficient condition.").

On December 11, 2025, the Court held oral arguments on the government's motion to remand. ECF No. 36. During oral argument counsel of record for the government made clear that the only error to which the DEA was admitting — and the only error it promised to rectify on remand — is the failure to investigate whether it was required to have held discussions in the first instance. The Court was not satisfied that this negligible error warranted a remand. The government's response brief had represented that the DEA intended to render "a new [final agency] decision," thus selecting the second of the two corrective action options available to agencies on remand as delineated by the Supreme Court. *See Dept. of Homeland Security v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20-21 (2020) (holding that either an "agency may elaborate later on that reason (or reasons)" for a final decision, "but may not provide new ones[,]" or an agency can "deal with the problem afresh" but only "by taking *new* agency action" (emphasis in original)). Yet,

from the government's filings and statements made during the oral argument, this Court discerned — and the government admitted — that it was *not* committing to begin the procurement process from scratch, something it must do if it wished to take *Regents* option two. *See id.* at 21; *see also Biden v. Texas*, 597 U.S. 785, 788 (2022) (holding that the Secretary "was not subject to the charge of *post hoc* rationalization" only because he "returned to the drawing table" and replaced the original agency decision with an entirely new one); *cf. Syneren Tech. Corp. v. United States*, 168 Fed. Cl. 756, 769-771 (2023) (finding that the agency was "considering the award decision afresh rather than attempting to explain the [agency's] prior award decision" where it "*terminated* each of the Contracts awarded" and "re-evaluated the protestors' technical proposals" (emphasis in original)).

In the end, the Court maintained during oral argument — and all the parties agreed — that the government's conceded failure to consider whether to hold discussions would be subsumed by the Court's decision on the merits of 22nd Century's claim that meaningful discussions were required, but not conducted, during the original procurement decision.[2]  Indeed, if this Court were to conclude that DEA had no requirement to hold discussions (or to do so in a more fulsome manner), then, as the Court explained during oral argument, it is hard to see how 22nd Century could have been prejudiced by the DEA's mere *failure to consider* whether it should have had discussions.  On the other hand, if discussions were required, then the DEA's failure to consider whether to have held them is irrelevant because the likely remedy would be an injunction, halting the contract award and directing the government to hold discussions.

22nd Century unambiguously accepted the Court's framing of the dispute. During oral argument, 22nd Century acknowledged that the entire dispute would be resolved, one way or the other, by this Court's decision on the claim that the government failed to conduct meaningful discussions.  22nd Century also expressly waived any argument that the DEA's failure to consider whether to hold discussions might provide an independent basis for relief.  Counsel for the government, in response, essentially agreed to withdraw the motion for voluntary remand, but requested an opportunity to discuss the matter with more senior Department of Justice attorneys.  Within a few hours of oral argument, the government filed a notice of withdrawal.  ECF No. 39.

---

[2] According to 22nd Century, that error snowballed into, or infected, the second contract award decision following corrective action.  See Compl. at 20-21.

Accordingly, the Clerk of this Court is directed to **STRIKE** the government's motion, ECF No. 32, as **WITHDRAWN**.

On or before Monday, December 15, 2025, the parties shall file a joint status report, proposing a briefing schedule.  If the parties are unable to agree on a schedule, the Court will select one of the parties' competing schedules.

**IT IS SO ORDERED**.

<u>s/Matthew H. Solomson</u>
Matthew H. Solomson
Chief Judge